[Civ. No. 20391.   Second Dist., Div. One.   Feb. 28, 1955.]

COMMERCIAL FACTORS CORPORATION (a Corporation), Appellant, v. KURTZMAN BROTHERS (a Partnership) et al., Respondents.

Gitelson, Ashton, Moore & Coyle, Alfred Gitelson and Leon M. Cooper for Appellant.

Arthur V. Kaufman for Respondents.

DORAN, J.—This is an action on a judgment obtained by appellant in the State of New York which confirmed an arbitration award given by a New York arbitrator. At the California trial, respondents attacked the jurisdiction of the New York court, and the trial court found that no arbitration contracts had been entered into between the parties;

that respondents had not been personally served with process in New York, and that the judgment in that state was invalid.

In January, 1951, one of the respondent partners, whose place of business is in Los Angeles, went to New York to purchase merchandise, and visited the show rooms of William H. Prendergast Mills, Inc., plaintiff's assignor. After selecting certain goods the salesman took a pad of order blanks and wrote thereon the styles selected by the Kurtzmans. Three of the four orders were signed by one of respondent's partners but not by the seller; the fourth order blank was signed by neither buyer or seller.

The order blanks each contained the provision: "This order becomes a contract only when signed by the seller or confirmed in writing by the seller. . . . The undersigned hereby orders the above goods upon the terms as stated, including the terms and conditions printed on the back of the contract and forming a part hereof." On the reverse of each order blank appears the printed provision that "Any complaint, controversy or question which may arise with respect to this contract that cannot be settled by the parties thereto, shall be referred to arbitration," and that "Rules of the Piece Goods Selling Division of the Wool Textile Industry" are made a part of the contract.

It was the respondents' testimony that these order blanks were together in a pad; that the buyer was unable to see the reverse of the order blanks, that no copy was then furnished to the buyer but one was later mailed; that there was no conversation concerning the arbitration provisions printed on the reverse and the buyer's attention was not called to such provisions. Merchandise was later shipped to respondents to the amount of about $12,000; payment of about $8,500 was made but the balance was not paid "Because the goods were rejected, imperfect goods." The accounts were assigned to the appellant.

Thereafter, appellant secured in New York a judgment affirming an arbitration award against the respondents upon substituted service. It is conceded that all notices, summons and other process were forwarded to the respondents by mail from New York, and that nothing was ever personally served on the respondents in reference to the New York action. The respondents were not residents of the State of New York nor engaged in business in that state.

As hereinbefore indicated, when action was brought in California on the New York judgment, the California trial

court found that the New York judgment "is invalid, void, and of no force and effect," and that the New York court was without jurisdiction for the reason that "none of the said defendants were ever personally served in the City of New York or elsewhere with either a summons and/or complaint in said action, or any other process in connection therewith." The California court further found that "no contracts for arbitration of any disputes were ever entered into by and between" the parties.

It is the appellant's contention that the above findings of fact "are contrary to and not supported by the evidence," and that under the arbitration clause hereinbefore referred to, the New York court had jurisdiction to render the judgment which the California court was then forced to accept under the full faith and credit clause.

The only evidence introduced by appellant in the California action was a certified and exemplified copy of the New York judgment roll, together with invoices sent to respondent. The testimony of one of the Kurtzman brothers, respondent, was then received, and no other evidence offered by either party. That this record showing amounts to substantial evidence in support of the trial court's findings of fact can hardly be doubted. Such being the case, there can be no appellate review of the weight and credibility of the evidence.

It is well established that "a judgment of a sister state is always open to attack on the ground of lack of jurisdiction over the person of the defendant." (*First Nat. Bank* v. *Terry,* 103 Cal.App. 501, 508 [285 P. 336].)

And while it is undoubtedly true that the law highly approves the settlement of disputes by arbitration, it is equally true that buyers in one state should not be forced into arbitration in another state unless there has been a definite contract knowingly entered into containing such a provision.

In the present case the order forms were not signed by the seller as required by the order, and one of them was signed by neither party. From the buyer's testimony it is apparent that there was no discussion concerning arbitration. There is certainly nothing to indicate that, by ordering the goods in question the buyer had any reason to believe that legal jurisdiction was being conferred upon a New York court to enter a judgment against the buyer without personal service of summons and complaint.

■ As said in *Arthur Phillips Export Corp.* v. *Leathertone, Inc.*, 275 App. Div. 102 [87 N.Y.S.2d 665], "If a party wishes to bind in writing another to an agreement to arbitrate future disputes, such purpose shall be accomplished in a way that each party to the arrangement will fully and clearly comprehend that the agreement to arbitrate exists and binds the parties hereto. Here, appellant says it was wholly unaware of the existence of the arbitration clause set forth on the reverse side of the confirmation order. . . . a party should not be bound by clauses printed on the reverse side of a document unless it is established that such matters were properly called to its attention and that it assented to the terms thereof . . . in short, neither expressly or impliedly, either directly or indirectly, did the parties ever discuss arbitration or bargain about it, then certainly they reached no agreement thereon."

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 18, 1955, and appellant's petition for a hearing by the Supreme Court was denied April 27, 1955.