MEDICAL DEVELOPMENT CORPORA-
TION, Plaintiff-Appellee,

v.

INDUSTRIAL MOLDING CORPORA-
TION, Defendant-Appellant.

MEDICAL DEVELOPMENT CORPORA-
TION, Plaintiff-Appellant,

v.

INDUSTRIAL MOLDING CORPORA-
TION, Defendant-Appellee.

Nos. 72–1504, 72–1505.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 26, 1973.

Decided May 24, 1973.

Rehearing Denied June 15, 1973.

**346**

I. Daniel Stewart, Jr., Salt Lake City, Utah (Jones, Waldo, Holbrook & Mc-Donough, Salt Lake City, Utah, on the brief), for Medical Development Corp.

W. David Pantle, Denver, Colo. (Dawson, Nagel, Sherman & Howard, Denver, Colo., and Hitchcock, Bowman & Mallano, Torrance, Cal., on the brief), for Industrial Molding Corp.

Before BREITENSTEIN, Circuit Judge, DURFEE,* Judge, Court of Claims, and DOYLE, Circuit Judge.

BREITENSTEIN, Circuit Judge.

In this diversity action plaintiff Medical Development Corporation sued for damages and other relief claiming breach of contract and warranty, negligence, fraud, and other wrongs. Defendant Industrial Molding Corporation counterclaimed for unpaid balances of goods sold and other relief including a stay of the proceedings pending arbitration. Plaintiff's motion for summary judgment was denied, and its appeal from this order is No. 72–1505. On plaintiff's motion, the court permanently enjoined arbitration of certain disputes. No. 72–1504 is defendant's appeal from the injunction.

All of the three contracts involved were made in California and covered goods manufactured by the defendant, a California corporation, in that state and sold to the plaintiff, a Utah corporation, F.O.B. Los Angeles. The first contract, made in September, 1969, related to two protype molds and contained an arbitration clause. In April, 1970, plaintiff gave defendant a purchase order for four additional molds, and defendant responded with a quotation confirmation. In May, 1970, another transaction between the parties related to production of plastic parts from the molds. A prime issue is whether the contracts relating to the April and May transactions contain arbitration clauses.

After this suit was filed, defendant demanded arbitration and moved to stay court proceedings pending arbitration. The court denied the stay. Plaintiff then moved for a stay of arbitration, and the court enjoined arbitration "pending resolution by this Court of whether the issues raised in this action should be referred to arbitration." After much skirmishing by the parties, the court held a "partial trial on the issues of arbitration," and ruled that the September transaction was subject to arbitration and that as to the April and May transactions there was no agreement to

* Sitting by designation.

arbitrate. The court permanently enjoined arbitration of issues arising out of the April and May transactions. The appeal in No. 72–1504 attacks the permanent injunction.

■ We are concerned with an interlocutory order, not a final decision on the merits. The Federal Arbitration Act, 9 U.S.C. § 1 et seq., is applicable because the contracts evidence transactions in interstate commerce. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401, 87 S.Ct. 1801, 18 L.Ed.2d 1270.

The threshold question is the appealability of the order enjoining arbitration. We recognize that the circuits are in disagreement as to the appealability of an order granting or denying a stay of arbitration. Compare Greater Continental Corp. v. Schechter, 2 Cir., 422 F.2d 1100, 1102–1103, and Lummus Co. v. Commonwealth Refining Co., 2 Cir., 297 F.2d 80, 84–96, cert. denied 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524, with Power Replacements, Inc. v. Air Preheater Co., 9 Cir., 426 F.2d 980, 982–983, and A. & E. Plastik Pak Co. v. Monsanto Co., 9 Cir., 396 F.2d 710, 713. See also New England Power Co. v. Asiatic Petroleum Corp., 1 Cir., 456 F.2d 183, 185–187; and Buffler v. Electronic Computer Programming Institute, Inc., 6 Cir., 466 F.2d 694, 699. This court's decision in Hart v. Orion Insurance Co., 10 Cir., 427 F.2d 528, 529, concerned an order staying the district court's proceeding pending arbitration, not an order concerning a request for a stay of the arbitration proceedings.

In the cited cases, the parties did not contest the existence of an arbitration clause in the agreements under consideration. Here, the issue is controlled by whether in fact there was an agreement to arbitrate. That matter was determined adversely to defendant and a permanent injunction issued. In these circumstances, we are not concerned with the concept that the Federal Arbitration Act fosters speedy arbitration or with the controversy over the applicability of 28 U.S.C. § 1292(a)(1) to an order granting or denying a stay of arbitration of an issue referable to arbitration under a written agreement.

■ From a practical standpoint, our situation is that after a full-blown trial of the issue the court permanently enjoined arbitration of the disputes arising out of the April and May transactions because, in its opinion, there was no agreement to arbitrate. In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, the Court said that § 1292 allows appeals from interlocutory orders "when they have a final and irreparable effect on the rights of the parties." We realize the struggle which the courts have had with the Cohen decision, see 9 Moore's Federal Practice, 2d ed., ¶ 110.10, pp. 134–136, but we believe that the difficulty has been the reconciliation of Cohen with the final judgment requirement of 28 U.S.C. § 1291. We are concerned with § 1292(a)(1) and not with the final judgment rule. We believe that our situation falls squarely within § 1292(a)(1) because a permanent injunction was entered after a trial of the pertinent issues and that injunction had a final and irreparable effect on the rights of the parties. Accordingly, the order is appealable. We emphasize that our decision has no bearing on the finality of a judgment under § 1291 or on the appealability of an order granting or denying a stay of arbitration in a situation where the issue is referable to arbitration under an uncontested written agreement.

With regard to the April transaction, the parties negotiated orally for the manufacture of four container molds and four lid molds. Defendant gave an oral quotation on prices and agreed to commence work upon receipt of one-half of the tooling cost. Defendant told plaintiff that its oral quote would be confirmed in writing on its usual quotation form. Plaintiff sent defendant two purchase orders and its check for $20,600. Defendant responded with its

written confirmation designated Q182–70. At the bottom of the front page is a statement that the terms and conditions on the reverse side are incorporated by reference. Among the terms found on the reverse side is an arbitration clause. At the bottom of the reverse side appear the words "APPROVED & ACCEPTED" with appropriate signature lines upon which no signatures appear. It is conceded that in the September transaction a similar form was used and the terms and conditions were specifically agreed to by plaintiff.

Thus, we have oral negotiations followed first by plaintiff's purchase orders and second by defendant's quotation confirmation. The trial court found lack of awareness of the arbitration clause by the plaintiff. Defendant says that a decision based on a subjective test of a party's actual knowledge is wrong in law because an objective test has long been recognized. Under the test which defendant advocates if a prudent man would have known that a provision was intended to be a part of a contract, each party is bound by that provision regardless of actual knowledge. See e. g. Hischemoeller v. National Ice & Cold Storage Co., 46 Cal.2d 318, 294 P.2d 433, 436–437, and 1 Restatement of Contracts § 230, p. 310.

■ Plaintiff counters with provisions of the Uniform Commercial Code § 2–207 (California Commercial Code § 2207). Section 2–207(2)(b) makes a material alteration in a written confirmation of a previously concluded oral agreement ineffective. See Dorton v. Collins & Aikman Corp., 6 Cir., 453 F.2d 1161, 1169. The question of a material alteration rests upon the facts of each case. See Ibid. at 1169, n. 8.

■ We attach no significance to the fact that the quotation confirmation was not signed by either party. We are aware of no decision under the California Arbitration Act, Cal.Civ.Code § 1281, determinative of the type of writ-

ing required. Decisions under the Federal Arbitration Act, 9 U.S.C. § 2, and under the similar New York statute have held it not necessary that there be a simple integrated writing or that a party sign the writing containing the arbitration clause. See Fisser v. International Bank, 2 Cir., 282 F.2d 231, 233; Ocean Industries, Inc., v. Soros Associates International, Inc., S.D.N.Y., 328 F.Supp. 944, 947; and Joseph Muller Corp. Zurich v. Commonwealth Petrochemicals, Inc., S.D.N.Y., 334 F.Supp. 1013, 1020–1021. All that is required is that the arbitration provision be in writing.

■ Plaintiff relies on Commercial Factors Corp. v. Kurtzman Bros., 131 Cal.App.2d 133, 280 P.2d 146, which declined to give effect to a New York judgment confirming an arbitration award. The court held that there was no agreement to arbitrate and, hence, no New York jurisdiction. The decision says nothing about the prudent-man test recognized in Hischemoeller v. National Ice & Cold Storage Co., 46 Cal.2d 318, 294 P.2d 433, 436–437. The decision is not clear whether it is based on general contract law principles or whether it depends on rules applicable to arbitration agreements. We agree with the statement in Collins Radio Co. v. Ex-Cell-O Corp., 8 Cir., 467 F.2d 995, 998, that under § 2 of the Federal Arbitration Act, 9 U.S.C. § 2, federal courts do not apply state statutes and decisions which limit arbitration agreements with rules not applicable to other contracts. In the circumstances we cannot accept Commercial Factors Corp. as a controlling statement of California law.

■ With relation to the April transaction, the court found that defendant told plaintiff that "its oral quote would be confirmed in writing on defendant's usual quotation form." This was the form apparently used in the September transaction which the court held was subject to arbitration. The court went on to find that plaintiff's ne-

gotiator was not "made aware of the arbitration clause or understood that the same was intended to apply as a term of the agreement of the parties of April 13, 1970." We have difficulty reconciling these findings. The court said nothing about the prudent-man test and made no finding that the inclusion of the arbitration clause was a material alteration within the purview of § 2–207 of the Uniform Commercial Code as is strongly urged by the plaintiff in this appeal. Findings must be sufficiently detailed and exact to permit an intelligent review. Commercial Standard Insurance Co. v. Liberty Plan Co., 10 Cir., 283 F. 2d 893, 895. The findings here fail to meet that standard, and the terse conclusions of law relating to the April transaction shed no light on the theory adopted by the trial court. With regard to the April transaction, the permanent injunction against arbitration must be reversed and the case remanded for further consideration in the light of this opinion.

■ Plastic parts to be made from the molds were covered by the May transaction in which a final contract was signed on May 26. Previously, defendant sent to plaintiff a copy of the contract with the quantity terms left blank. The contract was written on defendant's stationery which did not contain terms and conditions on the reverse side. The contract specified that for all other terms and conditions reference was made to Quotation Q182–70 "a copy of which is attached." A photocopy of the front of Q182–70 was attached, but no copy of the terms and conditions on the reverse side was included. The arbitration clause was on the reverse side of Q182–70. During further negotiations the quantities were inserted and the contract retyped and signed. No copy of Q182–70 was attached, but a photocopy of the front of that document was available at the signing. The trial court held that the arbitration clause was not incorporated by reference in the May 26 contract and that the reference to the incorporation of the Q182–70 terms and conditions was ambiguous.

■ We agree with the trial court. The contention of defendant that the issue with regard to the May transaction is not properly before us because it was not framed by the pre-trial order is not sustained by the record. Defendant's argument that reference to the Q182–70 quotation confirmation would cause a prudent man to realize that the arbitration clause of that document was applicable to the May transaction is not persuasive. The fact is that the pertinent portion of document Q182–70 was not attached or exhibited. By supplying only part of document Q182–70, defendant at the very least created an ambiguity whether the balance of the document was incorporated. Defendant caused the ambiguity, and the effect thereof must be construed against it. McClintick v. Leonards, 103 Cal.App. 768, 285 P. 351, 354.

■ Case No. 72–1505 is plaintiff's cross-appeal from the court's denial of its summary judgment motion. A denial of a summary judgment motion is not an appealable order. Jones v. United States, 10 Cir., 466 F.2d 131, 136 n. 3, cert. denied 409 U.S. 1125, 93 S.Ct. 938, 35 L.Ed.2d 257, and Goodyear Tire & Rubber Co. v. Jones, 10 Cir., 433 F.2d 629, 632.

In No. 72–1505 the order denying summary judgment in favor of the plaintiff is affirmed, and costs are assessed against the plaintiff-appellant. In No. 72–1504 the order is reversed insofar as it enjoins arbitration of the disputes arising out of the April transaction, and the case is remanded for further consideration of that transaction in the light of this opinion. In all other respects the order of the trial court is affirmed. The costs in No. 72–1504 shall be divided equally.