[Civ. No. 24286. Fourth Dist., Div. One. Dec. 16, 1980.]

UNITED NUCLEAR CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
GENERAL ATOMIC COMPANY, Real Party in Interest.

. . . .

**COUNSEL**

Procopio, Cory, Hargreaves & Savitch, Paul B. Wells, Richard H. Benes, Michael J. Radford and Thomas R. Laube for Petitioner.

No appearance for Respondent.

Gray, Cary, Ames & Frye, F. P. Crowell, James F. Stiven, Nathan Lewin, Miller, Cassidy, Larroca & Lewin, Howrey & Simon and Rodey, Dickason, Sloan, Akin & Robb for Real Party in Interest.

**OPINION**

**BROWN (Gerald), P. J.**—This court has read and fully considered the petition for peremptory writ of mandate, etc, filed here on December 8, 1980, as well as all accompanying exhibits, the response to the petition, and all documents filed to date in this matter. ██ The court finds no jurisdictional basis in the San Diego Superior Court for this action to confirm an arbitration award, because a competent court, the Supreme Court of New Mexico, has held the agreement to arbitrate is void (*United Nuclear Corp.* v. *General Atomic Co.* (1979) 93 N.M. 105 [597 P.2d 290]; *United Nuclear Corp.* v. *General Atomic Co.* (1980) 96 N.M. 155 [629 P.2d 231]), and its decisions are entitled to full faith and credit. (See *Thorley* v. *Superior Court* (1978) 78 Cal.App.3d 900 [144 Cal.Rptr. 557]. As to jurisdiction, see *Main* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1977) 67 Cal.App.3d 19, 26, 27 [136 Cal.Rptr. 378]; *Commercial Factors* v. *Kurtzman Bros.* (1955) 131 Cal.App.2d 133 [280 P.2d 146].) Although the procedure to challenge jurisdiction provided by Code of Civil Procedure section 418.10 is clearly available here and should have been followed (*Frey & Horgan Corp.*

v. *Superior Court* (1936) 5 Cal.2d 401 [55 P.2d 203]; *Atkins, Kroll & Co.* v. *Broadway Lbr. Co.* (1963) 222 Cal.App.2d 646 [35 Cal.Rptr. 385, 12 A.L.R.3d 880]; and cf. *Hartford* v. *Superior Court* (1956) 47 Cal.2d 447 [304 P.2d 1]), it would serve no purpose to remand this matter to permit petitioner to invoke the statute, because there is no jurisdiction for the trial court to do anything other than dismiss the proceeding. We note, for completeness, this record does not reveal a sufficient basis to establish personal jurisdiction over petitioner (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442 [128 Cal.Rptr. 34, 546 P.2d 322]; *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 863-864 [140 Cal.Rptr. 599]; *Northern Natural Gas. Co.* v. *Superior Court* (1976) 64 Cal.App.3d 983, 991 [134 Cal.Rptr. 850]; *Floyd J. Harkness Co.* v. *Habermann* (1976) 60 Cal.App.3d 696, 698 [131 Cal.Rptr. 672]; *Regents of University of New Mexico* v. *Superior Court* (1975) 52 Cal.App.3d 964 [125 Cal.Rptr. 413]; *Watson's Quality Turkey Products, Inc.* v. *Superior Court* (1974) 37 Cal.App.3d 360, 364-365 [112 Cal.Rptr. 345]), and even if it did, the doctrine of forum non conveniens would require, at minimum, a stay of the action here, in order to permit the pending action in the Santa Fe district court in New Mexico, in which the arbitration award is challenged, to proceed to judgment. Also, even if that action were not pending, the courts of New Mexico are obviously the more suitable forums to determine these issues with which they are intimately familiar. The parties have wasted too much time already in adding to the many forums in which they have litigated the state courts of California.

Let a peremptory writ of mandate issue (Code Civ. Proc., § 1088; *Krasley* v. *Superior Court* (1980) 101 Cal.App.3d 425, 433 [161 Cal.Rptr. 629]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]) directing the superior court to dismiss this action.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied January 5, 1981, and the petition of real party in interest for a hearing by the Supreme Court was denied February 18, 1981.

The United States Supreme Court denied a petition for writ of certiorari on October 5, 1981.