[No. D002476. Fourth Dist., Div. One. Dec. 21, 1984.]

CURTIS JOHNSON, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

William R. Fletcher for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Thomas F. McArdle, Deputy District Attorneys, for Real Party in Interest.

OPINION

**BUTLER, J.**—Petitioner is charged with murder and wishes a trial by jury. He seeks to have his trial transferred from the North County Branch of the San Diego Superior Court (North County) to the downtown superior court on the basis the number of blacks in the venire of North County is not reasonably related to the number of blacks in that community. The trial court found there was an overwhelming discrepancy in the jury venire for North County when compared with the countywide venire but ruled the case should not be transferred, because the state had a significant interest in trying the case in North County.

North County is within the Fifth Supervisorial District (Fifth). The Fifth is not exactly coterminous with the geographic area served by North County but prospective jurors are drawn from those persons on the county's master jury list who reside in the Fifth. (Code Civ. Proc., § 206a.) Black persons comprise about 1.5 percent of the age eligible voters in the Fifth; they comprise about 4.5 percent of the age eligible voters in the County as a whole.[1]

■ The test to be used in assessing whether the jury venire is representative of the community is set out in *Duren v. Missouri* (1979) 439 U.S. 357 [58 L.Ed.2d 579, 99 S.Ct. 664]. The three parts of the test are: (1) is the excluded group "distinctive"; (2) is the representation in the venire reasonably related to the representation in the community; and (3) is there systematic exclusion which causes the underrepresentation? Whether the disparity in representation here is significant hinges on defining what constitutes the community. ■ The People argue the community is the Fifth since the jurors come from the Fifth and can only properly be compared with the Fifth. Thus, the argument continues, since there are 1.5 percent blacks in the Fifth and 1.5 percent blacks in the venire, there is no discrep-

[1] Not included in either statistics are blacks stationed here in the Armed Forces since they are exempt from jury duty.

ancy. Although there is precedent for considering a judicial district as a community for purposes of reviewing the composition of the jury (*People v. Taylor* (1975) 46 Cal.App.3d 513 [120 Cal.Rptr. 762]), neither the Fifth nor North County is a separate judicial district. With a branch court such as North County, selection of the jury from a supervisorial district is proper (Code Civ. Proc., § 206a), but it does not mean the supervisorial district is thereby converted into a judicial district. Here, the supervisorial district is considerably smaller than the North County area both in geographic size and in population. The ethnic distribution of the population is not the same. The Fifth does not even include all the geographic areas included within the area served by North County. As such, it cannot be considered the community for purposes of assessing the composition of the jury venire.

■ The trial court found if the entire judicial district were deemed to be the community, then the disparity in the percentage of blacks in the jury venire between the community and North County was substantially disparate. This finding is amply supported by the statistics showing the eligible black voter population is three times as great in the community as it is in North County. (See *People v. Wheeler* (1978) 22 Cal.3d 258, 277-278 [148 Cal.Rptr. 890, 583 P.2d 748].) ■ Such a disparity can be justified only if there is a compelling state interest. (*People v. Pervoe* (1984) 161 Cal.App.3d 342, 349 [207 Cal.Rptr. 622].) ■ The court found the state had a compelling interest in the administration of justice suggesting it was not feasible to transfer juries from downtown to North County. In addition, the court found that the state had an interest in the case remaining in the community for the convenience of witnesses, the district attorney, and the members of the jury. However, there are no facts in this particular case to show that North County is any more convenient. There is no showing the witnesses live or work in the area. There is nothing said about North County being especially convenient for the district attorney. It is not necessary for us to rule on whether convenience of witnesses and jurors alone is sufficient to justify depriving the petitioner of his right to a venire that reasonably reflects the composition of the community. Here, there are no facts to support the court's assertion that convenience is a compelling state interest.

Petitioner is entitled to a jury venire which is more representative of the community as a whole. We do not dictate how this might best be accomplished. The trial court is a more suitable forum to remedy the disparity. Petitioner wishes to have his case transferred downtown which seems to be a reasonable solution. However, it is not the only possible solution.

The issue can be determined without further briefing and argument. Let a peremptory writ of mandate issue (Code Civ. Proc., § 1088; *United Nu-*

*clear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]), directing the Superior Court of the County of San Diego to vacate its order denying the motion to transfer downtown and to enter a new and different order which provides petitioner with a jury venire more closely representative of the community. This may entail transferring the case downtown or may involve some other procedure. The stay issued by this Court on November 30, 1984, is vacated.

Brown (Gerald), P. J., and Work, J., concurred.