DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted the application of John and Susan Ross for an order confirming an arbitration award. For the reasons that follow, this court affirms the judgment of the trial court.
{¶ 2} Appellant Bridgewater Construction, Inc. ("Bridgewater") sets forth the following assignment of error:
{¶ 3} "The trial court erred, as a matter of law, by affirming the arbitrator's decision where the arbitrator exceeded his authority."
{¶ 4} The facts that are relevant to the issues raised on appeal are as follows. In March 2001, appellees John and Susan Ross entered into a contract with Bridgewater for the construction of a home. A contract was drawn up and was signed on March 17, 2001, by the president of Bridgewater but not by the Rosses. Construction began shortly thereafter, but numerous disagreements arose between the parties due to the Rosses' dissatisfaction with much of the work being done. Construction continued, however, despite those disputes.
{¶ 5} On November 13, 2001, the Rosses filed a request for arbitration with the American Arbitration Association ("AAA"). Bridgewater was informed of the request and was told that the arbitration would be conducted under the Fast Track Procedures of the AAA. Bridgewater filed an objection to the arbitration with the AAA but the objection was overruled and the matter proceeded to arbitration. On June 19, 2002, the arbitrator found that Bridgewater had breached its agreement with the Rosses and issued an award in the amount of $77,914.93 in favor of the Rosses.
{¶ 6} On June 27, 2002, Bridgewater filed a motion to vacate and/or modify the arbitration award pursuant to R.C. 2711.10 and to stay enforcement of the award. Bridgewater argued that there was no valid agreement to arbitrate because the Rosses did not sign the construction contract containing the arbitration clause and that, even if there was a valid agreement, the arbitrator exceeded his powers by awarding a dollar amount in excess of the $75,000 limit set forth by the rules pursuant to which the arbitration was conducted. The Rosses then filed a memorandum in opposition to the motion to vacate along with a motion to confirm the arbitration award. On January 9, 2003, the trial court found that the Rosses' motion to confirm the arbitration award was well taken. In making its decision, the trial court found that the parties had entered into a valid and enforceable written agreement to arbitrate. The trial court further found that Bridgewater was estopped from challenging the enforceability of the written agreement to arbitrate because the builder had failed to seek a judicial determination as to the validity of the agreement when it first learned of the Rosses' intention to submit it to the AAA, and had then participated in the arbitration process. Lastly, as to the amount of the award, the trial court found that it was not in excess of the $75,000 limit specified by the Fast Track Procedures of the AAA, because $3,887.93 of the total award was money that Bridgewater had agreed to pay to resolve an earlier dispute.
{¶ 7} The reviewable issues before us, then, are whether a valid and enforceable written agreement allowing for arbitration of disputes existed between the parties and whether the amount of the arbitrator's award was within the authority granted by the rules of the AAA.
{¶ 8} Appellant contends first, as it did in the trial court, that this matter was not subject to arbitration because there was no signed agreement. Bridgewater also again argues that even if there was a valid agreement to arbitrate, the arbitrator exceeded his powers by issuing an award in excess of the $75,000 limit set forth in the AAA's fast track procedures.
{¶ 9} The parties offered into evidence the building contract which had been submitted at arbitration to determine which party was in breach.
{¶ 10} Appellate review of an arbitration is limited to an evaluation of the order issued by the trial court. Brumm v. McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96, 104. This court cannot review the substantive merits of the arbitration award absent evidence of material mistakes or extensive impropriety. Id., citing Oil, Chemical Atomic Workers Interntl. Union, AFL-CIO, Local 7-629 v. RMI Co. (1987), 41 Ohio App.3d 16, 20. In the case before us, however, appellant does not claim that such events occurred below.
{¶ 11} Ohio courts have addressed this issue and have held that an arbitration clause in a contract is enforceable regardless of whether the party seeking to compel arbitration signed the agreement. Brumm v. McDonald Co. Securities, Inc., supra. As noted in Brumm, an agreement to submit to arbitration must be in writing in order for it to be enforceable under R.C. 2711. Id. at 102. Brumm further noted, however, that R.C. 2711.02 and 2711.03 do not require signatures on the written agreements. Id. at 103. Federal courts, in construing similar provisions under the Federal Arbitration Act, have consistently held that to enforce an arbitration clause it is only necessary that the provision be in writing, and that it is not required that such writing be signed. See, e.g., Med. Dev. Corp. v. Indus. Molding Corp. (C.A. 10, 1973),479 F.2d 345, 348; Fisser v. Internatl. Bank (C.A. 2, 1960), 282 F.2d 231,233. Fisser, supra, explained that since the Federal Arbitration Act requires only that the arbitration provision itself be in writing, ordinary contract principles determine who is bound by such written provisions, and notes that parties can become contractually bound absent their signatures. Fisser at 233.
{¶ 12} The elements necessary for a valid contract under Ohio law are well-established. "To be valid, there must be, inter alia, a lawful subject matter, a meeting of the minds of the parties and an actual agreement to do the thing proposed in the agreement from which the contract emerges. To be binding, the parties to the contract must have a common and distinct intention communicated by each party to the other. * * *" Bradley v. Farmers New World Life Ins. Co. (1996),112 Ohio App.3d 696, 710. The trial court in the case before us found that the record clearly showed that both parties intended that the provisions of the written building contract govern their relationship and that they communicated that intention to each other throughout the duration of their relationship, despite the absence of the Rosses' signatures on the contract. The trial court cited evidence that Bridgewater used the written contract to define its rights and duties with regard to the Rosses and found that there was clear evidence that the Rosses considered themselves bound by the terms of the written contract. Based on the law as set forth above and the record before us, we find that the trial court properly found that a valid enforceable written agreement for arbitration existed between the parties.
{¶ 13} Appellant also argues that the arbitrator exceeded his authority by awarding an amount in excess of $75,000, which is the limit for claims administered under the Fast Track Procedures of the AAA. The record indicates, however, that at the arbitration hearing counsel for Bridgewater agreed that the builder should pay the Rosses $3,887.93 for certain
{¶ 14} repairs to the kitchen ceiling that the Rosses had paid someone else to make. The arbitrator's award included that amount but noted that Bridgewater had agreed earlier to pay the sum. The trial court found that it was the arbitrator's intent to order Bridgewater to pay according to its prior agreement and that the $3,887.93 was not a contested issue. The trial court further found that the amount of the repairs should be subtracted from the total award, which would bring the amount of the award within the $75,000 Fast Track limit. Upon consideration thereof, this court finds that the trial court did not err by finding that, after deducting the amount Bridgewater had already agreed to pay the Rosses, the arbitration award was within the amount permitted by the Fast Track Procedures.
{¶ 15} Based on the foregoing, this court finds that the trial court did not err by confirming the June 19, 2002 order of the arbitrator in all respects. Accordingly, appellant's sole assignment of error is found not well taken.
{¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.