ACCEPTED
03-14-00782-CV
4420417
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 1:13:31 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00782-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 1:13:31 PM
JEFFREY D. KYLE
Clerk

SANTANDER CONSUMER USA, INC.
Appellant,

v.

MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC.,
JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC.
REDSHIFT INVESTIGATION, INC., and BLAKE THORNTON VANDUSEN,
Appellees.

Appealed from the
353rd Judicial District Court
Travis County, Texas

## REPLY BRIEF OF APPELLANT
## TO BRIEF OF APPELLEE, MARIO A. MATA

DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
driherd@dntlaw.com [E-MAIL]
State Bar of Texas # 24038904
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF APPELLANT'S REPLY POINTS TO APPELLEE'S RESPONSE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Reply to Issue Nos. I and II: Mata waived the issue of the validity of the
      Arbitration Provision, and the Arbitration Provision is enforceable against
      Mata.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Reply to Issue Nos. I and II: Mata waived the issue of the validity of the
      Arbitration Provision, and the Arbitration Provision is enforceable against
      Mata.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

**Cases**                                                    **Page**

*Caley v. Gulfstream Aero. Corp.*,
428 F.3d 1359 (11th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cenoplex, Inc. v. Fox*, 03-12-00758-CV,
2014 Tex. App. LEXIS 1985
(Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op.). . . . . . . . . . . . . . 2

*Fredonia State Bank v. General Am. Life Ins.*,
881 S.W.2d 279 (Tex.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Genesco, Inc. v. T. Kakiuchi & Co.*,
815 F.2d 840 (2nd Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Henry v. Fin. Cas. & Sur. Inc.,*
No. 01-13-00672-CV,
2014 Tex. App. LEXIS 6524
(Tex. App.—Houston [1st Dist. Jun 17, 2014, no pet.) (mem. op.). . . . . . . . 2

*In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005). . . . . . . . . 4, 5

*Medical Development Corp. v. Industrial Molding Corp.*,
479 F.2d 345 (10th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Seawright v. Am. Gen. Fin., Inc.*,
507 F.3d 967 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tinder v. Pinkerton Sec.*,
305 F.3d 728 (7th Cir. 2002) ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Valero Refining, Inc. v. M/T Lauberhorn*,
813 F.2d 60, 64 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes and Codes**                                      **Page**

9 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9 U.S.C. § 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Bus. & Comm. Code Ann. § 3.401. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

| **Rules** | **Page** |
|---|---|

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tex. R. App. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>**STATEMENT OF APPELLANT'S REPLY POINTS**</u>
<u>**TO APPELLEE'S RESPONSE**</u>

Appellant, SANTANDER CONSUMER USA, INC. ("Santander") makes the following reply points to the reply points of Appellee, MARIO A. MATA ("Mata").

Reply to Issue Nos. I and II: Mata waived the issue of the validity of the Arbitration Provision, and the Arbitration Provision is enforceable against Mata.

<u>**SUMMARY OF THE ARGUMENT**</u>

Mata waived the issue of the validity of the Arbitration Provision on appeal because he did not raise this issue in the trial court. Furthermore, the Arbitration Provision is signed by CitiFinancial Auto, Ltd.—Santander's predecessor—so the Arbitration Provision is fully executed. Also, Mata is estopped from claiming that the Arbitration Provision is invalid while seeking to enforce the other provisions of the Amendment Agreement.

<u>**ARGUMENT**</u>

<u>**Reply to Issue Nos. I and II: Mata waived the issue of the validity of the Arbitration Provision, and the Arbitration Provision is enforceable against Mata.**</u>

Mata argues that the Arbitration Provision is not binding because it is not executed by Santander. However, at no time in the trial court did Mata raise this argument.

The Texas Rules of Appellate Procedure provide that as a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific

-1-

grounds were apparent from the context; and (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex. R. App. P. 33.1(a).

In his response to Santander's Motion to Compel, Mata admitted that the Arbitration Provision had been executed by the parties. (CR 202-210.) Mata did not challenge the validity of the Arbitration Provision; rather, he argued that his claims fell within an exception to the Arbitration Provision. (CR 202-210.) A party fails to preserve a complaint for appeal when the complaint is not raised in the trial court. *Henry v. Fin. Cas. & Sur. Inc.*, No. 01-13-00672-CV, 2014 Tex. App. LEXIS 6524, at *7 (Tex. App.—Houston [1st Dist. Jun 17, 2014, no pet.) (mem. op.). Whatever the merits of his contentions may be, Mata has not shown that this argument was presented to the trial court. It therefore did not factor into trial court's decision and cannot be part of the appellate court's review on appeal. *See* Tex. R. App. P. 33.1; *Cenoplex, Inc. v. Fox*, 03-12-00758-CV, 2014 Tex. App. LEXIS 1985, at *24-25 n. 4 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op.). Thus, Mata has waived this issue on appeal.

Furthermore, even if Mata had preserved this issue for appellate review, it fails because Mata cites no legal authority to support his argument that the Arbitration Provision is unenforceable because it is not signed by Santander (or Santander's predecessor).

The Federal Arbitration Act provides that

> a written provision in any contract to settle by arbitration a controversy thereafter arising out of such contract or transaction or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. 2.

Arbitration agreements under the Federal Arbitration Act need to be written, but not necessarily signed. *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 64 (5th Cir. 1987) ("We note also that section three of the Act does not require that a charter party be signed in order to enforce an arbitration agreement contained within it."); *see also Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967, 979 (6th Cir. 2007); *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2nd Cir. 1987) ("[W]hile the [FAA] requires a writing, it does not require that the writing be signed by the parties."); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 736 (7th Cir. 2002) ("Although § 3 of the FAA requires arbitration agreements to be written, it does not require them to be signed."); *Medical Development Corp. v. Industrial Molding Corp.*, 479 F.2d 345, 348 (10th Cir. 1973) ("It [is] not necessary that there be a simple integrated writing or that a party sign the writing containing the arbitration clause."); *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005) ("We readily conclude that no signature is needed to satisfy the FAA's written agreement requirement.").

Thus, the fact that the Arbitration Provision is purportedly not signed by Santander or its predecessor does not render the Arbitration Provision unenforceable. And, Mata has failed to allege any grounds that exist at law or in equity for the revocation of the Amendment Agreement or the Arbitration Provision.

Additionally, a signature "may be made (i) manually or by means of a device or machine, and (ii) by the use of any name, including a trade or assumed name, or by a word, mark, or symbol executed or adopted by a person with present intention to authenticate a writing." Tex. Bus. & Comm. Code Ann. § 3.401. The Arbitration Provision contains the name of "CitiFinancial Auto, Ltd." at the bottom of the document, which constitutes the signature of CitiFinancial Auto, Ltd, Santander's predecessor. (CR 80).

The Arbitration Provision was part of an amendment of the retail installment contract ("Amendment Agreement") to reduce the interest rate, reduce the amount of the monthly payments due, and to extend the maturity date of the retail installment contract. (CR 68-70, 75-80) The Arbitration Provision was part of the consideration to amend the terms of the contract. (CR 68-70, 75-80). Mata does not argue that the other terms of the Amendment Agreement are invalid due to the purported lack of a signature by Santander or its predecessor. Rather, Mata claims that he fully performed under the terms of the amended terms of the contract and has asserted a cause of action for breach of contract. (CR 5-6.) Even a ***nonsignatory*** plaintiff seeking the benefits of a contract is estopped from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (emphasis added). A party may be estopped from asserting that the lack of his signature precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. *Id.*

Similarly, Mata, as a signatory to the Arbitration Provision, is estopped from avoiding the enforcement of the arbitration clause when he has filed suit asserting a cause of action of breach of the retail installment contract (as amended by the Amendment Agreement containing the Arbitration Provision). *Cf., id.*

Mata also argues that the Texas Finance Code requires confirmation of any amendment of a retail installment contract to be delivered to the buyer or mailed to the buyer's most recent address, and that he received no such confirmation. Mata fails to cite to any portion of the record that supports his assertion that he received no such confirmation, has not adequately briefed this issue, and thus has waived this argument on appeal. Tex. R. App. P. 38.1(i); *see Fredonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 283 (Tex.1994) (an appellee's point may be waived due to inadequate briefing).

Furthermore, by arguing that he did not receive confirmation of the Amendment Agreement, once again, as set forth above, Mata is attempting to simultaneously claim the benefits of the Amendment Agreement but disclaim the Arbitration Provision contained in the Amendment Agreement. Mata is estopped from avoiding the enforcement of the Arbitration Provision. *Cf. Kellogg*, 166 S.W.3d at 739 (Tex. 2005).

-5-

## CONCLUSION

Mata waived the issue of the validity of the Arbitration Provision on appeal because he did not raise this issue in the trial court. Furthermore, the Arbitration Provision is signed by CitiFinancial Auto, Ltd.—Santander's predecessor—so the Arbitration Provision is fully executed. Also, Mata is estopped from claiming that the Arbitration Provision is invalid while seeking to enforce the other provisions of the Amendment Agreement.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, SANTANDER CONSUMER USA, INC., prays that this Court grant oral argument on this appeal, and thereafter, reverse the trial court's order denying Santander's motion to compel arbitration as to Mata's claims against the other Defendants, enter an order compelling arbitration of all of Mata's claims in the underlying cause of action, and for all other and further relief to which Santander Consumer USA, Inc. may show itself to be justly entitled.

Respectfully submitted,

DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.

_____
DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
State Bar of Texas # 24038904
driherd@dntlaw.com [E-MAIL]
VICKI W. HART
State Bar of Texas # 24046037

-6-

vhart@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Corel WordPerfect X5 and contains 1,433 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4(i)(1).

_____
DEBORAH C. S. RIHERD

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument was served upon the following parties either electronically through an electronic filing manager or in the alternative served by fax prior to 5:00 p.m., in person, by mail, commercial delivery service, or email, on March 9, 2015:

Mario A. Mata
Mario A. Mata, PLLC
111 Congress Avenue, Suite 400Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
APPELLEE, pro se

David L. Treat
dlt@lstlaw.com [E-MAIL]
Christopher A. Lotz
clotz@lstlaw.com [E-MAIL]
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEYS FOR APPELLEES
REDSHIFT INVESTIGATION INC.

John S. Kenefick
JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety
JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR APPELLEE
BLAKE THORNTON VANDUSEN

Karen C. Burgess
kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEY FOR APPELLEES
CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F.
THOMPSON

_____
DEBORAH C. S. RIHERD