# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Brown v. Grosskopf*, 2013 IL App (4th) 120402

---

| | |
|---|---|
| Appellate Court Caption | THOMAS J. BROWN, State's Attorney of Livingston County, Plaintiff-Appellant, v. MATTHEW E. GROSSKOPF and LISA MADIGAN, Attorney General of the State of Illinois, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-12-0402 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | February 13, 2013<br><br>March 18, 2013<br>February 13, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of the State's Attorney's complaint seeking a declaration that the State's Attorney's office is not a "public body" for purposes of the Freedom of Information Act was affirmed by the appellate court on the ground that no controversy existed, since the complaint was based on a nonbinding opinion letter from the Attorney General's Public Access Counselor and the issue of whether the State's Attorney's office is a "public body" under the Act was not properly before the court. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No.11-MR-41; the Hon. Stephen R. Pacey, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Seth Uphoff (argued), State's Attorney, of Pontiac (Randy A. Yedinak, Assistant State's Attorney, of counsel), for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Jane Elinor Notz (argued), Assistant Attorney General, of counsel), for appellee Lisa Madigan.

Donald M. Craven and Esther J. Seitz, both of Donald M. Craven, P.C., of Springfield, for appellee Matthew E. Grosskopf.

Panel

JUSTICE APPLETON delivered the judgment of the court, with opinion.
Presiding Justice Steigmann and Justice Harris concurred in the judgment and opinion.

## OPINION

¶ 1 Following a March 2012 hearing, the trial court granted defendant Attorney General of the State of Illinois Lisa Madigan's motion to dismiss, dismissing with prejudice plaintiff Livingston County State's Attorney Thomas J. Brown's lawsuit for declaratory relief. Brown appeals, arguing the trial court erred by finding the State's Attorney's office is a "public body" within the meaning of the Freedom of Information Act (FOIA) (5 ILCS 140/1 to 11.5 (West 2010)) and, thus, subject to defendant Matthew E. Grosskopf's request to produce certain documents in accordance with FOIA. We affirm, but do so on the basis that there exists no actual controversy, as Brown lacks standing to bring a declaratory judgment lawsuit.

¶ 2                              I. BACKGROUND

¶ 3 On April 8, 2011, Brown filed a complaint for declaratory relief seeking a court determination as to whether the State's Attorney's office is a "public body" within the meaning of section 2 of FOIA (5 ILCS 140/2(a) (West 2010)). The complaint alleged that in February 2010, Grosskopf sent Brown's office a FOIA request for documents, transcripts, materials, memos, and photographs relating to a 2001 murder trial held in Livingston County. Brown denied the request, believing his office was not a "pubic body" subject to a FOIA request. Grosskopf appealed the denial to the Attorney General's Public Access Counselor (5 ILCS 140/9.5 (West 2010)), who, in March 2011, issued a letter finding that Brown's office "must disclose the requested documents to Mr. Grosskopf subject to the permissible redactions." Disputing the assistant Public Access Counselor's opinion, Brown claims ethical

issues and the burden upon his office, coupled with concerns over the victim's privacy, distinguish his office from a "public body" within the meaning of FOIA and that his office should not be required to produce the requested information. Brown alleged in his complaint that "an actual controversy exists among the parties" with respect to the interpretation of the definition of "public body." 5 ILCS 140/2(a) (West 2010).

¶ 4 In July 2011, Grosskopf filed an answer to Brown's complaint and a counterclaim for declaratory and injunctive relief to enforce the assistant Public Access Counselor's "advisory opinion" and compel Brown to release the documents requested.

¶ 5 In September 2011, Madigan filed a motion to dismiss the complaint against her office pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)). In particular, she claimed Brown was unable to state a cause of action for declaratory relief since no actual controversy existed. She asserted that the letter from the assistant Public Access Counselor is a nonbinding and nonreviewable opinion, meaning it cannot be the basis for an actual legal controversy.

¶ 6 In March 2012, the trial court conducted a hearing on Madigan's motion to dismiss and, after considering the arguments of counsel, took the matter under advisement. In April 2012, the court entered a written order, finding (1) Brown's office is a "public body" within the meaning of FOIA, (2) Madigan had "most likely create[d] an actual controversy" by the issuance of the assistant Public Access Counselor's letter, and (3) Brown's complaint was "based entirely on the proposition that his office is not a public body." Because the basis for Brown's complaint was, according to the court, an inaccurate statement of the law, the court dismissed the complaint with prejudice. The court found no just reason to delay an appeal and ordered Grosskopf's counterclaim stayed during the pendency of an appeal.

¶ 7 Brown filed a motion to reconsider and, after conducting a hearing on the matter, the trial court denied Brown's motion. This appeal followed.

¶ 8 II. ANALYSIS

¶ 9 Brown appeals the dismissal of his complaint, arguing the trial court erred in (1) granting Madigan's motion to dismiss and (2) finding the State's Attorney's office is a "public body," subject to FOIA. A section 2-615 motion (735 ILCS 5/2-615 (West 2010)) attacks the legal sufficiency of a complaint. *Carr v. Koch*, 2012 IL 113414, ¶ 27.

"A motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2000)) attacks the legal sufficiency of a complaint by alleging defects on the face of the complaint. [Citations.] In ruling on a section 2-615 motion, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom. [Citations.] The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004).

This court's review of a section 2-615 dismissal is *de novo*. *Carr*, 2012 IL 113414, ¶ 27.

¶ 10 In order to bring a declaratory judgment action, " 'there must be an actual controversy between adverse parties, with the party requesting the declaration possessing some personal

claim, status, or right which is capable of being affected by the grant of such relief.' " *Village of Chatham, Illinois v. County of Sangamon*, *Illinois*, 216 Ill. 2d 402, 420 (2005) (quoting *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 493 (1988)).

> " ' "Actual" in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]

> The second, and somewhat related requirement, is that the party seeking the declaration must be "interested in the controversy." [Citation.] The word, "interested" does not mean merely having a curiosity about or a concern for the outcome of the controversy. Rather, the party seeking relief must possess a personal claim, status, or right which is capable of being affected. [Citations.] The dispute must, therefore, touch the legal relations of parties who stand in a position adverse to one another.' " *Village of Chatham*, 216 Ill. 2d at 420 (quoting *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375-76 (1977)).

¶ 11    All parties acknowledge that the assistant Public Access Counselor's letter is a nonbinding opinion. Indeed, section 9.5(f) of FOIA provides that the Attorney General may choose to issue an advisory opinion, rather than a binding opinion. 5 ILCS 140/9.5(f) (West 2010) ("In responding to any request under this section 9.5, the Attorney General may exercise his or her discretion and choose to resolve a request for review by mediation or by a means other than the issuance of a binding opinion. The decision not to issue a binding opinion shall not be reviewable."). See also 15 ILCS 205/7(c)(4) (West 2010) (Through a Public Access Counselor, the Attorney General has the power to issue advisory opinions with respect to FOIA.). An advisory opinion is not subject to review. See also 5 ILCS 140/11.5 (West 2010) ("An advisory opinion issued to a public body shall not be considered a final decision of the Attorney General for purposes of this Section."). However, a binding opinion *is* subject to administrative review. 5 ILCS 140/11.5 (West 2010) ("A binding opinion issued by the Attorney General shall be considered a final decision of an administrative agency, for purposes of administrative review under the Administrative Review Law [citation]."). Thus, in this case, all parties agree the Attorney General chose to issue a nonreviewable, nonbinding, and nonfinal opinion, leaving Grosskopf with merely the Attorney General's advisory and unenforceable statement on the matter. The assistant Public Access Counselor's letter has no legal effect.

¶ 12    With nothing more than an advisory or nonbinding opinion as support, Brown has no ripe action or controversy against Madigan or Grosskopf. A nonbinding or advisory opinion cannot be the basis for a lawsuit or subject to enforcement in a court of law. See 5 ILCS 140/11.5 (West 2010) (An advisory opinion shall not be considered a final decision of the Attorney General or subject to review.). Borrowing language from a similar controversy in the State of California, we find the effect of advisory opinions may be summarized as follows: "[T]he Office of the Attorney General has a general obligation to prepare advisory

opinions but none to participate as advisor or amicus curiae, let alone defendant, in every lawsuit questioning the meaning of a state law." *State v. Superior Court*, 229 Cal. Rptr. 74, 75-76 (Cal. Ct. App. 1986) (hereinafter *California*).

¶ 13　　Because the only basis of Brown's lawsuit against Madigan is the nonbinding opinion letter, the lawsuit cannot survive Madigan's motion to dismiss. Indeed, the showing made by the Assistant Public Access Counselor in the form of his letter as to whether Brown's office is required to produce certain information as requested by Grosskopf "is not enough to compel [the Attorney General] to defend the suit." *California*, 229 Cal. Rptr. at 76.

¶14　　Our legislature has prescribed the proper procedure for challenging a public body's denial of a FOIA request. Section 11(a) provides: "Any person denied access to inspect or copy any public record by a public body may file suit for injunctive or declaratory relief." 5 ILCS 140/11(a) (West 2010). The Illinois Attorney General Act (15 ILCS 205/0.01 to 7 (West 2010)) also provides a remedy for noncompliance if a binding opinion has been issued. Section 7(f) provides that the Attorney General may file an action to compel compliance with a binding opinion issued pursuant to a FOIA violation. 15 ILCS 205/7(f) (West 2010).

¶ 15　　Thus, upon Brown's denial of Grosskopf's request, Grosskopf had the right to file a lawsuit against Brown for injunctive or declaratory relief or request a second review from the Attorney General, which may have prompted the issuance of a binding opinion. Either way, at that point, the issue of whether Brown should produce or allow the inspection of the information requested would properly be before the court. Until then, looking no further than Brown's complaint, no actual controversy exists between these parties, nor can Brown assert a need for adjudication from the courts. Ruling on the merits of whether the State's Attorney's office is a "public body" within the meaning of FOIA at this point, when that issue is not properly before the court, would require both the trial court and this court to effectively (1) pass judgment on a mere abstract proposition of law, (2) render an advisory opinion, or (3) give legal advice as to future events, none of which is permissible.

¶ 16　　　　　　　　　　　　　III. CONCLUSION

¶ 17　　For the foregoing reasons, we affirm the trial court's order dismissing plaintiff's complaint, but do so on the basis no legal controversy exists. We do not form an opinion on whether the State's Attorney's office is a "public body" within the meaning of FOIA, as that issue is not ripe for adjudication.

¶ 18　　Affirmed.