# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Fagel v. Department of Transportation*, 2013 IL App (1st) 121841

---

| | |
|---|---|
| Appellate Court Caption | BARNET FAGEL, Plaintiff-Appellee, v. THE DEPARTMENT OF TRANSPORTATION, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-1841 |
| Filed | May 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Judgment on the pleadings was properly entered for plaintiff and attorney fees and costs were properly granted in an action under the Freedom of Information Act seeking information regarding the Department of Transportation's "Red Light Running Camera Enforcement System," and, furthermore, the Department was required to provide plaintiff with the requested information in an unlocked version of the electronic spreadsheet in which the information was normally maintained by the Department. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-38809; the Hon. Peter Flynn, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellant.

Kirkland & Ellis, LLP, of Chicago (Matthew V. Topic and Gregory Polins, of counsel), for appellee. |

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Rochford and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1    This appeal arises from an April 2, 2012 order entered by the circuit court of Cook County, which granted a motion for judgment on the pleadings filed by plaintiff Barnet Fagel (Fagel), and denied a motion under section 2-615 of the Code of Civil Procedure to dismiss (735 ILCS 5/2-615 (West 2010)) filed by defendant Illinois Department of Transportation (IDOT), in an action brought pursuant to the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2010)). This appeal also arises from the circuit court's May 25, 2012 order which awarded $12,561.25 in attorney fees and costs to Fagel. On appeal, IDOT argues that it had complied with Fagel's FOIA request by providing him with a locked version of an electronic Excel spreadsheet which contained the requested information. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                         BACKGROUND

¶ 3    On January 27, 2011, Fagel submitted a FOIA request to IDOT for information pertaining to IDOT's "Red Light Running Camera Enforcement System" (the red light system). Fagel's purpose for obtaining this information was to conduct research and writing for a national report regarding the effectiveness of this technology. The relevant portion of the FOIA request sought the following:

"A [c]opy of the print-out of IL-DOT Red Light Running (RLR) Camera Enforcement System pursuant to Public Act 94-0795 including all camera enforcement permitting status information arranged by location including camera vendors, intersection location, LAT/LONG, all process data information, resultant permit decisions and any other applicable information. This report [is] normally provided in a spreadsheet format 11" x 14" size paper sheets. *I am also requesting an electronic version in Excel format sent via email to my email address or on physical memory media*." (Emphasis added.)

¶ 4    On February 3, 2011, IDOT responded to Fagel's FOIA request by emailing him an

-2-

attachment which contained the requested information in a Microsoft Excel (Excel) file. The Excel file was "locked" so as to only allow Fagel the ability to view the information on the spreadsheet, but did not allow him to utilize the data in a manner ordinarily allowed by the Excel program–such as selecting, sorting and filtering the data in the cells, or accessing hidden secondary information relating to the file. IDOT also provided Fagel with a hard copy of the requested information.

¶ 5      On March 7, 2011, Fagel filed a request for review with the Public Access Counselor (PAC) in the office of the Illinois Attorney General, pursuant to section 9.5 of FOIA (5 ILCS 140/9.5 (West 2010)), regarding IDOT's handling of his FOIA request. Subsequently, the PAC determined that "further inquiry [was] warranted in this matter" and asked IDOT to provide a detailed written explanation as to its handling of Fagel's FOIA request and to indicate any applicable exemptions under FOIA in connection with this request.

¶ 6      In a letter dated April 11, 2011, IDOT responded to the PAC's inquiry by stating that IDOT had fully complied with Fagel's FOIA request; that the Excel spreadsheet was "fully viewable" but that it was "locked so that it [could] not be changed or manipulated into a format that [was] more to [Fagel's] liking"; that no materials requested by Fagel were withheld as a result of any exemptions under FOIA; and that delivery of the requested information in a locked format "was designed to protect the integrity of the material and not to withhold information in any way."

¶ 7      In reply, Fagel informed the PAC that IDOT had provided him with a spreadsheet in a "version different from the format in which [IDOT] normally keep[s] these records" and as such had "denied" his FOIA request. Fagel specifically noted that the locked version of the Excel file restricted his use of the spreadsheet by prohibiting him from "clicking or highlighting any cells" or "showing it on the display line at the top of the spreadsheet" and thus, it was "not viewable under normal database circumstances."

¶ 8      In a letter dated September 12, 2011, the PAC issued a nonbinding opinion, stating that IDOT had fully complied with the requirements of FOIA when it provided Fagel with the requested information "in an electronic format in which it is maintained, but in a locked version." The letter opinion specified that "FOIA does not ensure that a requester can obtain information in an electronic format that he or she can manipulate, but only that the requester will receive the information in an electronic format." The PAC found that IDOT was not obligated to comply with Fagel's request for an unlocked version of the Excel spreadsheet.

¶ 9      On November 8, 2011, pursuant to section 11 of FOIA (5 ILCS 140/11 (West 2010)), Fagel filed a complaint in the circuit court of Cook County, requesting the court to compel IDOT to furnish an unlocked version of the requested spreadsheet and to award him all costs and attorney fees associated with the instant action.

¶ 10      On December 14, 2011, IDOT filed a section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2010)), arguing that IDOT had complied with Fagel's FOIA request when it furnished an electronic copy of the requested information in an Excel spreadsheet. IDOT argued that the requested information was provided to Fagel in a format that was normally maintained by IDOT, albeit in a locked format. IDOT further argued that "[t]he fact that the furnished version of the spreadsheet was locked [did] not make the spreadsheet a different format from

the one that [was] maintained by IDOT."

¶ 11     On January 17, 2012, Fagel filed a motion for judgment on the pleadings, arguing that the Excel spreadsheet produced by IDOT was not in the format requested by Fagel. The motion asserted that Fagel had requested the information to be provided in an unlocked format, which was feasible for IDOT to produce, and that no statutory exemptions applied to excuse IDOT from providing it. The motion further alleged that the locked version of the Excel spreadsheet that Fagel received from IDOT could not be "searched, sorted, or filtered, and the contents of the cells have been locked such that any hidden formulas or references to other spreadsheets or documents [could] not be seen." It also alleged that metadata information about the file, such as the "date created and the date last edited," was inaccessible, and that the data could not be copied for use in another spreadsheet or formula. Attached to the motion as an exhibit was a copy of a portion of the office of the Illinois Attorney General's FOIA training materials which stated that, when feasible, a public body is obligated to furnish the records in the format requested, despite a concern by the public body that the information might be manipulated or misused.

¶ 12     On January 31, 2012, IDOT filed a combined reply in support of its motion to dismiss and in response to Fagel's motion for judgment on the pleadings.

¶ 13     On February 2, 2012, while IDOT's motion to dismiss was pending before the circuit court, Fagel, by counsel, submitted a second FOIA request to IDOT for an "unlocked copy, including all metadata and access to all Excel functionalities (the ability to search, sort, filter, print, view cells and hidden contents, copy cells, use each of the available Excel formulas, etc.)," of the same information sought in Fagel's original FOIA request. On February 3, 2012, IDOT denied Fagel's second FOIA request, noting that this was an "ongoing FOIA issue" and stating that IDOT would not provide an unlocked copy of the requested information because the information contained in the unlocked version was identical to the information contained in the locked version of the Excel spreadsheet, which had previously been provided to Fagel.

¶ 14     On February 14, 2012, Fagel filed a reply in support of his motion for judgment on the pleadings, and attached to the reply a copy of his second February 2, 2012 FOIA request to IDOT and IDOT's denial of that FOIA request.

¶ 15     On February 27, 2012, a hearing on IDOT's motion to dismiss and Fagel's motion for judgment on the pleadings was held, during which IDOT conceded that it regularly maintained the Excel spreadsheet in an unlocked format. The circuit court found that the locked version of the spreadsheet provided by IDOT was "closer to a picture of an Excel spreadsheet than to an Excel spreadsheet because it seems to [the court] that the concept of an Excel spreadsheet is something that you can move stuff around in, you can re-sort it, you can manipulate it, you can search." The circuit court reasoned that the "wording which the legislature adopted [was] sufficiently broad to require production of any file not otherwise exempted in the manner in which that file was maintained by the government agency in question, which means unlocked." Thus, the circuit court held that, under the statutory language, Fagel was "entitled to an Excel spreadsheet which is maintained the same way IDOT maintains it, which is to say, unlocked."

-4-

¶ 16 On April 2, 2012, the circuit court entered an order denying IDOT's motion to dismiss the complaint and granting Fagel's motion for judgment on the pleadings. In the order, the circuit court directed IDOT to furnish Fagel with a fully unlocked copy of the Excel spreadsheet at issue, but stayed the directive pending appellate review. The circuit court also found that Fagel was entitled to reasonable attorney fees and costs pursuant to section 11(i) of FOIA (5 ILCS 140/11(i) (West 2010)). The circuit court's order directed Fagel to file a fee petition by April 6, 2012, and directed IDOT to respond by April 13, 2012.

¶ 17 On April 6, 2012, Fagel filed a petition for attorney fees and costs (fee petition) in the amount of $16,661.25. On April 11, 2012, the circuit court entered an order granting Fagel the full amount of attorney fees and costs that was sought in his fee petition. On April 13, 2012, IDOT filed a response to Fagel's fee petition, alleging that Fagel should only be awarded a total of $5,061.25 in attorney fees and costs. On April 18, 2012, IDOT filed a motion to vacate the circuit court's April 11, 2012 order (motion to vacate), on the grounds that it was entered before IDOT's response to the fee petition was due. On April 26, 2012, the circuit court vacated the April 11, 2012 order which granted Fagel attorney fees and costs in the amount of $16,661.25.

¶ 18 On May 25, 2012, a hearing on the fee petition was held, after which the circuit court entered an order awarding attorney fees and costs to Fagel in the total amount of $12,561.25. On June 11, 2012, the circuit court entered an order granting IDOT's motion to stay judgment pending appeal.

¶ 19 On June 25, 2012, IDOT filed a timely notice of appeal.

¶ 20                                        ANALYSIS

¶ 21 The sole issue we must determine on appeal is whether IDOT complied with Fagel's FOIA request by providing him with a locked version of an electronic Excel spreadsheet which contained information regarding IDOT's red light system.

¶ 22 IDOT argues that it complied with the requirements of FOIA and fulfilled Fagel's FOIA request when it provided a locked version of the Excel spreadsheet containing information about IDOT's red light system.

¶ 23 Fagel counters that IDOT must provide him with an unlocked version of the Excel spreadsheet under FOIA requirements. He argues that IDOT maintained an unlocked version of the Excel spreadsheet in its ordinary course of business, that it was feasible for IDOT to produce it, and that no exemptions under FOIA existed to allow IDOT to withhold the unlocked version of the document. Further, Fagel argues that IDOT's fear of manipulation or misuse of the information was not a statutory exemption under which IDOT could justify withholding the unlocked version of the Excel spreadsheet.

¶ 24 Initially, we note that the parties do not dispute that the PAC's September 12, 2011 ruling, in which it stated that IDOT had fully complied with the requirements of FOIA, was a "nonbinding" opinion under the statute. Under FOIA, only binding opinions issued by the PAC in the office of the Illinois Attorney General are subject to administrative review under section 11.5 of FOIA. See 5 ILCS 140/11.5 (West 2010) (a binding opinion by the Attorney General, as opposed to an advisory opinion, "shall be considered a final decision of an

-5-

administrative agency, for purposes of administrative review under the Administrative Review Law"); see also 5 ILCS 140/9.5(f) (West 2010) (binding opinions, which are binding upon both the requester and the public body, are subject to administrative review under section 11.5). Because the PAC's ruling in the case at bar was not a binding opinion under the statute, it was not subject to administrative review under section 11.5 of FOIA. Rather, section 11 of FOIA permits any person, such as Fagel here, who is denied access by a public body to inspect or copy any public record, to file an action for injunctive or declaratory relief in the circuit court. See 5 ILCS 140/11(a), (b) (West 2010).

¶ 25    Turning to the merits of the case, we determine whether the circuit court erred in denying IDOT's motion to dismiss Fagel's complaint, in granting Fagel's motion for judgment on the pleadings, and in directing IDOT to furnish Fagel with an unlocked copy of the Excel spreadsheet at issue.

¶ 26    "Judgment on the pleadings is proper when the pleadings disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Illinois Tool Works, Inc. v. Commerce & Industry Insurance Co.*, 2011 IL App (1st) 093084, ¶ 15. "It is similar to a motion for summary judgment but is limited to the pleadings." *Id.* In ruling on a motion for judgment on the pleadings, the court "must consider only those facts apparent from the face of the pleadings, judicial admissions in the record and matters subject to judicial notice." *Id.* ¶ 16. The moving party concedes the truth of the well-pled facts in the respondent's pleadings. *Id.* The court deciding the motion "must take all reasonable inferences from those facts as true, disregard all conclusory allegations and surplusage and construe the evidence strictly against the movant." *Parkway Bank & Trust Co. v. Meseljevic*, 406 Ill. App. 3d 435, 442, 940 N.E.2d 215, 223 (2010). We review a circuit court's granting of a motion for judgment on the pleadings *de novo*. *Id.*

¶ 27    The purpose of FOIA is to "open governmental records to the light of public scrutiny." (Internal quotation marks omitted.) *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 13. A public body must comply with a valid request for information under FOIA unless one of the narrow statutory exemptions applies. *Id.*

¶ 28    Section 6 of FOIA provides in pertinent part the following:

"(a) When a person requests a copy of a record maintained in an electronic format, the public body shall furnish it in the electronic format specified by the requester, if feasible. If it is not feasible to furnish the public records in the specified electronic format, then the public body shall furnish it in the format in which it is maintained by the public body, or in paper format at the option of the requester." 5 ILCS 140/6(a) (West 2010).

Section 7 of FOIA enumerates the types of information in public records which are exempt from disclosure by a public body. See 5 ILCS 140/7 (West 2010). In construing a statute, our primary objective is to determine and effectuate the intent of the legislature. *Larson v. Wexford Health Sources, Inc.*, 2012 IL App (1st) 112065, ¶ 18. The statutory language is the most reliable indicator of the legislature's intent, and the language should be given its plain and ordinary meaning. *Id.*

¶ 29    In the instant case, on January 27, 2011, Fagel submitted a FOIA request to IDOT for

information pertaining to IDOT's red light system. The FOIA request specified that the information be provided to Fagel as "an electronic version in Excel format sent via email." In response, IDOT emailed Fagel a locked version of an Excel spreadsheet which contained information regarding the red light system. On February 2, 2012, while this action was pending before the circuit court, Fagel, by counsel, submitted another FOIA request for the same information to be provided in an "unlocked copy, including all metadata and access to all Excel functionalities (the ability to search, sort, filter, print, view cells and hidden contents, copy cells, use each of the available Excel formulas, etc.)." IDOT denied Fagel's second FOIA request, stating that the information in the unlocked version was identical to the information contained in the locked version of the Excel spreadsheet, which had previously been furnished to Fagel. A copy of the second FOIA request and IDOT's denial of that request was presented to the circuit court as an exhibit to Fagel's pleadings in support of his motion for judgment on the pleadings.

¶ 30    The plain language of FOIA provides that, if feasible, a public body must provide a public record in the electronic format specified by the person who made the request. If it is not feasible to furnish the public records in the specified electronic format, the public body shall provide it in the format in which it is maintained by the public body. See 5 ILCS 140/6(a) (West 2010). The parties dispute whether the locked version of the electronic Excel spreadsheet provided by IDOT, which restricted Fagel's ability to sort, search, filter, or utilize the data in a manner ordinarily allowed by the Excel program, complied with the statutory language of FOIA.

¶ 31    Our examination of the relevant statute shows that the plain legislative language was broad enough to require IDOT to produce an unlocked electronic copy of the Excel spreadsheet to Fagel. Fagel requested that the information be provided to him in "Excel format," which we find necessarily encompassed the production of the information in a manner that would allow Fagel to fully exercise the functions of the Excel program with regard to the document. As the circuit court correctly noted, the locked version of the Excel spreadsheet that IDOT furnished to Fagel resembled a "picture" of an Excel spreadsheet, akin to a portable document format (PDF), rather than an actual Excel spreadsheet. It is undisputed by the parties, and thus no genuine issue of material fact existed, that IDOT regularly maintained an unlocked version of the Excel spreadsheet in its ordinary course of business. Yet, IDOT provided a "locked" version of the data. This flies in the face of the statute which requires that the data be provided "in the format in which it is maintained" if it is not feasible to furnish it in the format specified by the requester. IDOT has not pled, nor does it argue on appeal, that it was not feasible to provide Fagel with an electronic copy of the unlocked version of the Excel spreadsheet. Indeed, the record shows that IDOT provided an unlocked copy of the Excel spreadsheet at issue to the PAC during the inquiry process over this matter in 2011. Thus, IDOT could have provided the same to Fagel, as he had requested. Further, IDOT has not pled that any exemptions under section 7 of FOIA applied to excuse IDOT from providing the requested information in the unlocked format that is normally maintained by IDOT. We find that no genuine issues of material facts existed and, under the language of FOIA, Fagel was entitled to judgment as a matter of law. Thus, we find that IDOT must comply with FOIA by furnishing an electronic copy of the unlocked version

of the Excel spreadsheet to Fagel.

¶ 32    Our holding today is consistent with the purpose of FOIA, which is to promote transparency and accountability of all public bodies at all levels of government. See 5 ILCS 140/1 (West 2010). Nonetheless, IDOT, citing a Wisconsin Supreme Court case (*WIREdata, Inc. v. Village of Sussex*, 2008 WI 69, 751 N.W.2d 736), argues that it fully complied with the requirements of FOIA when it provided Fagel with a locked version of the Excel spreadsheet.

¶ 33    In *WIREdata, Inc.*, the plaintiff company initially requested real estate tax assessment data from municipalities records in an "electronic/digital" format, which the municipalities responded by furnishing the plaintiff company with PDFs of the requested data. *Id.* ¶¶ 7, 90, 751 N.W.2d 736. Later, the plaintiff company requested from the independent contractor assessors of the municipalities the same data in a computerized database format that was created and maintained by those independent contractor assessors (the "enhanced" requests). *Id.* ¶ 7, 751 N.W.2d 736. However, the enhanced requests were not provided to the plaintiff company. *Id.* The Wisconsin Supreme Court found that the municipalities, in providing the requested data in PDF format, complied with the plaintiff company's initial open records request for information in an "electronic/digital" format. *Id.* ¶¶ 7, 90, 751 N.W.2d 736. The court, however, found that the municipalities were not obligated to provide the data in the enhanced computerized format because the plaintiff company's enhanced requests, which were only submitted to the independent contractor assessors, were not properly submitted to the relevant authorities. *Id.*

¶ 34    We find *WIREdata, Inc.* to be inapposite to the case at bar, where there, the Wisconsin court did not reach the issue present in the instant case–that is, whether, under FOIA, IDOT must furnish Fagel with an electronic copy of an unlocked or "enhanced" version of the Excel spreadsheet. Based on the foregoing, we hold that IDOT must comply with FOIA by furnishing an electronic copy of the unlocked version of the Excel spreadsheet. Therefore, we hold that the circuit court did not err in denying IDOT's motion to dismiss the complaint and in granting Fagel's motion for judgment on the pleadings. Accordingly, pursuant to section 11(i) of FOIA, the circuit court properly granted attorneys' fees and costs to Fagel in the amount of $12,561.25, the amount of which IDOT does not challenge on appeal. See 5 ILCS 140/11(i) (West 2010) ("[i]f a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under this [s]ection, the court shall award such person reasonable attorneys' fees and costs").

¶ 35    We reiterate that our holding today comports with the legislature's intent and FOIA's purpose in promoting transparency and accountability of public bodies. However, we share in the circuit court and IDOT's concerns that providing the public with access to unlocked electronic copies of public records has the potential risks of manipulation or misuse of that information. That is a concern which the legislature can address if it so chooses. Despite these concerns, however, we agree with the circuit court's observations that the function of the courts is to interpret the statute as it is written and "hope that the legislature will address any resulting problems expeditiously." A fear of manipulation or misuse of the information is not an exemption under section 7 of FOIA upon which IDOT could justify withholding the unlocked version of the Excel spreadsheet. We decline to create such an exemption. See

*Pritza v. Village of Lansing*, 405 Ill. App. 3d 634, 645, 940 N.E.2d 1164, 1174 (2010) (the court cannot legislate but must interpret the law where the language of the statute is plain and certain).

¶ 36     Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 37     Affirmed.