# Illinois Official Reports

## Appellate Court

---

### *Garlick v. Office of the Public Access Counselor*, 2013 IL App (1st) 122444

---

| | |
|---|---|
| Appellate Court Caption | WARREN R. GARLICK, Plaintiff-Appellant, v. THE OFFICE OF THE PUBLIC ACCESS COUNSELOR, SARAH PRATT, in Her Official Capacity as Public Access Counselor for the Illinois Attorney General's Office, and OAK PARK-RIVER FOREST HIGH SCHOOL DISTRICT No. 200, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-12-2444 |
| Filed | December 31, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An opinion of the Attorney General's Public Access Counselor (PAC) issued in response to plaintiff's request after defendant school district denied plaintiff's request for some unredacted public documents found that the Freedom of Information Act allowed the redactions, and when plaintiff sued the district and the PAC, the trial court held that the PAC's opinion was a nonbinding opinion subject to review only under the Administrative Review Law and dismissed plaintiff's complaint on the ground that plaintiff had not met the applicable standard for showing that the PAC erred, and on appeal, the appellate court found that in the absence of a binding opinion, plaintiff could sue the district directly without filing an administrative review action and the dismissal was modified to make it a dismissal with prejudice of only the claim against the PAC, and the cause was remanded to allow plaintiff to amend the complaint to state a cause of action for injunctive or declaratory relief against the district. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-7587; the Hon. Neil H. Cohen, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Warren R. Garlick, of River Forest, appellant *pro se*.<br><br>Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Clifford W. Berlow, Assistant Attorney General, of counsel), for appellees Office of the Public Access Counselor and Sarah Pratt.<br><br>Paul N. Keller and Mark R. Heinle, both of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., of Chicago, for appellee Oak Park-River Forest High School District No. 200. |
| Panel | JUSTICE PUCINSKI delivered the judgment of the court, with opinion.<br>Presiding Justice Hyman and Justice Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1     When Oak Park-River Forest High School District No. 200 (the District) denied Warren Garlick's request for some unredacted public documents, Garlick asked the Attorney General, through its Office of the Public Access Counselor (the PAC), to review the decision. The PAC issued a letter in which it found that the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2010)) permitted the District's redactions from the copies of the public documents sent to Garlick. Garlick then sued the District and the PAC in circuit court. The circuit court held that the PAC's letter qualified as a binding opinion, subject to review only under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)). The court then held that Garlick had not met the applicable standard for showing that the PAC erred, so the court dismissed the complaint. On appeal, we find that the PAC did not issue a binding opinion, and therefore, Garlick may sue the District directly, without filing an administrative review action. We modify the dismissal of Garlick's complaint to make it a dismissal with prejudice of only the claim against the PAC, and we remand to allow Garlick to amend his complaint to state a cause of action against the District for injunctive or declaratory relief. See

- 2 -

5 ILCS 140/11(a) (West 2010).

¶ 2                                        BACKGROUND

¶ 3        On March 4, 2010, Garlick, a resident of River Forest, asked the District to give him copies of "All school monthly accounting statements reflecting charges incurred in connection with the disbursement vouchers reflecting payments to the law firm Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer (Ancel Glink) for the last six months." The District sent the requested documents, but it made significant redactions from the documents. In a letter accompanying the documents, the District wrote:

> "The redacted information is exempt from disclosure under the [FOIA] as it includes communications between the School District and an attorney representing the School District that would not be subject to discovery in litigation. Thus, the information is exempt from disclosure under Section 7(1)(m) of the [FOIA] and may be redacted by the School District. 5 ILCS 140/7(1)(m) [(West 2010)]."

¶ 4        Garlick asked the PAC to review the redactions. The District sent the PAC unredacted copies of the documents it sent to Garlick. On January 25, 2011, the PAC sent Garlick and the District a letter in which the PAC said:

> "Section 3(a) of FOIA (5 ILCS 140/3(a) [(West 2010)]) provides that '[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act.' Under Section 1.2 of FOIA (5 ILCS 140/1.2 [(West 2010)]), '[a]ll records in the custody of a public body are presumed to be open to inspection and copying.' This section further states that '[a]ny public body that asserts that a record is exempt from disclosure has the burden of proving by *clear and convincing evidence* that it is exempt.' (Emphasis added.)
>
> Upon review of the unredacted copy of the legal bills, this Office concludes that [the District] has met its burden and that the information is exempt from disclosure under Section 7(1)(m). While we note that several of the redactions contain references to matters that were not underlying lawsuits, they do contain references to a particular subject matter. [The District] has relied upon the services of Ancel Glink to develop a course of action with regard to these subject matters. The underlying references to the particular subject matters would be comparable to the filing of a lawsuit ***.
>
> Based on this analysis, we have determined that [the District] *** may withhold the documents."

¶ 5        Garlick filed a lawsuit against the PAC and the District, seeking a judgment declaring that the FOIA required disclosure of the redacted information. The PAC moved to dismiss the claim against it, arguing that the PAC did not issue a binding opinion subject to judicial review and therefore Garlick should not have included the PAC as a party to the action for declaratory relief.

¶ 6        The circuit court found that the PAC reviewed the documents and the parties' arguments, made findings of fact, and drew a legal conclusion that the District had not violated the FOIA. Although the court noted that the PAC did not label its letter as a binding opinion, the court

- 3 -

held that the letter qualified as a binding opinion, subject to review only under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)). See 5 ILCS 140/11.5 (West 2010).

¶ 7 Garlick amended his complaint to state a claim against the PAC and the District under the Administrative Review Law. The circuit court reviewed the PAC's decision deferentially and held that Garlick did not meet his burden of creating in the court a "definite and firm conviction" that the PAC erred in finding the redacted information privileged. See *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395 (2001). Garlick now appeals.

¶ 8 ANALYSIS

¶ 9 We first address the PAC's argument that the circuit court lacked jurisdiction to decide the claim under the Administrative Review Law. The PAC claims that it issued a nonbinding letter rather than a binding opinion, and the courts can review only binding opinions of the PAC under the Administrative Review Law. The argument requires an interpretation of the FOIA provisions concerning review of a public body's decision on a request for disclosure of documents.

¶ 10 Under section 9.5 of the FOIA, when a public body denies a request for a copy of a public document, the requester may ask the PAC to review the public body's decision. The FOIA provides:

> "Unless the [PAC] *** decides to address the matter without the issuance of a binding opinion, the Attorney General shall examine the issues and the records, shall make findings of fact and conclusions of law, and shall issue to the requester and the public body an opinion in response to the request for review within 60 days after its receipt. The opinion shall be binding upon both the requester and the public body, subject to administrative review under Section 11.5
>
> In responding to any request under this Section 9.5, the Attorney General may exercise his or her discretion and choose to resolve a request for review by mediation or by a means other than the issuance of a binding opinion. The decision not to issue a binding opinion shall not be reviewable." 5 ILCS 140/9.5(f) (West 2010).

¶ 11 Under the FOIA, when the PAC issues a binding opinion, the parties can seek review only under the Administrative Review Law, with its limitations on the court's review of the agency's decision. See 735 ILCS 5/3-110 (West 2010); *AFM Messenger Service*, 198 Ill. 2d at 394-95. If the PAC ends its involvement without issuing a binding opinion, the requester may seek relief under section 11 of the FOIA (5 ILCS 140/11(f) (West 2010)), which permits the requester to file an original lawsuit for an injunction or for declaratory relief. In such a proceeding, the court owes no deference to the PAC's nonbinding resolution of the request. See 5 ILCS 140/11 (West 2010). The court cannot review the PAC's decision not to issue a binding opinion. See 5 ILCS 140/9.5(f) (West 2010). Instead, when the PAC issues no binding opinion, the court can directly review the public body's decision to deny the request for copies of public documents. See 5 ILCS 140/11 (West 2010).

¶ 12 The District argues that the PAC here issued a binding opinion and the letter it sent cannot qualify as an attempt to resolve the dispute by "means other than the issuance of a binding opinion," within the meaning of the FOIA. 5 ILCS 140/9.5(f) (West 2010). The District contends that the FOIA must mean to limit the "means other than the issuance of a binding opinion" to processes like mediation, because the statute specifies only mediation as an example of an acceptable means for resolving a dispute without issuing a binding opinion.

¶ 13 We disagree. The FOIA expressly grants the Attorney General discretion to decide to resolve an issue without issuing a binding opinion. The FOIA then establishes the method for review of the binding opinion or review of the public body's decision in the absence of a binding opinion from the Attorney General. See 5 ILCS 140/11, 11.5 (West 2010). The Attorney General must participate in the review, as a defendant, if he or she issued a binding opinion, but the Attorney General need not participate in the review when he or she has not issued a binding opinion. See 5 ILCS 140/11, 11.5 (West 2010); 735 ILCS 5/3-107(a) (West 2010). The FOIA does not limit the Attorney General's discretion as to whether he or she wishes to participate in any further litigation concerning the request for public documents. The FOIA also does not limit the Attorney General's discretion to decide whether to subject the ruling to the limited review permitted under the Administrative Review Law, or leave the court to decide the case under the standards for injunctions and declaratory judgment actions, without deference to the PAC's findings.

¶ 14 The District candidly admits that no appellate decisions directly support its interpretation of the FOIA as forbidding the PAC from issuing letters as nonbinding resolutions of the issues presented. Two decisions appear to support the PAC's interpretation of the FOIA.

¶ 15 In *Brown v. Grosskopf*, 2013 IL App (4th) 120402, Grosskopf asked Brown, the State's Attorney for Livingston County, for certain public documents. Brown denied the request, and Grosskopf asked the PAC to review Brown's decision. The PAC issued a letter directing Brown to disclose the documents to Grosskopf. *Grosskopf*, 2013 IL App (4th) 120402, ¶ 3. Brown sued for a judgment declaring that his office had no duty to disclose the documents. The trial court dismissed the complaint. The appellate court said:

"All parties acknowledge that the assistant Public Access Counselor's letter is a nonbinding opinion. Indeed, section 9.5(f) of FOIA provides that the Attorney General may choose to issue an advisory opinion, rather than a binding opinion. 5 ILCS 140/9.5(f) (West 2010) ***. [Citation.] *** However, a binding opinion is subject to administrative review. 5 ILCS 140/11.5 (West 2010) ***. Thus, in this case, all parties agree the Attorney General chose to issue a nonreviewable, nonbinding, and nonfinal opinion, leaving Grosskopf with merely the Attorney General's advisory and unenforceable statement on the matter. The assistant Public Access Counselor's letter has no legal effect.

With nothing more than an advisory or nonbinding opinion as support, Brown has no ripe action or controversy against Madigan or Grosskopf. A nonbinding or advisory opinion cannot be the basis for a lawsuit or subject to enforcement in a court of law. See 5 ILCS 140/11.5 (West 2010) ***. Borrowing language from a similar controversy in the State of California, we find the effect of advisory opinions may be summarized as

- 5 -

follows: '[T]he Office of the Attorney General has a general obligation to prepare advisory opinions but none to participate as advisor or amicus curiae, let alone defendant, in every lawsuit questioning the meaning of a state law.' *State v. Superior Court*, 229 Cal. Rptr. 74, 75-76 (Cal. Ct. App. 1986) ***.

\*\*\*

Our legislature has prescribed the proper procedure for challenging a public body's denial of a FOIA request. ***

*** [U]pon Brown's denial of Grosskopf's request, Grosskopf had the right to file a lawsuit against Brown for injunctive or declaratory relief or request a second review from the Attorney General, which may have prompted the issuance of a binding opinion. Either way, at that point, the issue of whether Brown should produce or allow the inspection of the information requested would properly be before the court." (Emphasis omitted.) *Grosskopf*, 2013 IL App (4th) 120402, ¶¶ 11-15.

¶ 16     In *Fagel v. Department of Transportation*, 2013 IL App (1st) 121841, Fagel sought computerized records of public data. The Department provided the information, but in a locked program that did not permit Fagel to select, sort or filter the data in ways that would make it more useful. *Fagel*, 2013 IL App (1st) 121841, ¶ 4. Fagel asked the PAC to review the Department's response to his request under the FOIA. The PAC issued a letter stating that the Department had fully complied with Fagel's request. Fagel then sued the Department in circuit court, and the circuit court entered a judgment in favor of Fagel, requiring the Department to provide Fagel the data in an unlocked format. *Fagel*, 2013 IL App (1st) 121841, ¶ 16. The appellate court said:

"Initially, we note that the parties do not dispute that the PAC's September 12, 2011 ruling, in which it stated that [the Department] had fully complied with the requirements of FOIA, was a 'nonbinding' opinion under the statute. Under FOIA, only binding opinions issued by the PAC in the office of the Illinois Attorney General are subject to administrative review under section 11.5 of FOIA. See 5 ILCS 140/11.5 (West 2010) ***; see also 5 ILCS 140/9.5(f) (West 2010) ***. Because the PAC's ruling in the case at bar was not a binding opinion under the statute, it was not subject to administrative review under section 11.5 of FOIA. Rather, section 11 of FOIA permits any person, such as Fagel here, who is denied access by a public body to inspect or copy any public record, to file an action for injunctive or declaratory relief in the circuit court. See 5 ILCS 140/11(a), (b) (West 2010)." *Fagel*, 2013 IL App (1st) 121841, ¶ 24.

¶ 17     In both *Grosskopf* and *Fagel*, the PAC considered arguments about disclosure and issued letters resolving the disclosure disputes, but the PAC did not make the letters binding opinions. In both cases, the parties and the courts accepted the PAC's decision not to issue a binding opinion, and the courts found that the Administrative Review Law did not apply to the decisions concerning disclosure of public documents. We agree with the parties and the courts in *Grosskopf* and *Fagel*. When the PAC issues a letter that it does not characterize as a binding opinion concerning the dispute brought to the PAC, the parties cannot seek review under the Administrative Review Law. Instead, if the parties seek to litigate the issue further, they must either obtain a binding opinion from the Attorney General (see *Grosskopf*, 2013 IL App (4th)

- 6 -

120402, ¶ 15), or proceed under section 11 of the FOIA. 5 ILCS 140/11(a), (b) (West 2010); *Fagel*, 2013 IL App (1st) 121841, ¶ 24.

¶ 18       Finally, the District points out that the PAC did not clarify, in its letter, whether it intended to issue a binding opinion or a nonbinding letter. While the FOIA does not require the PAC or the Attorney General to specify whether it has issued a document as a binding opinion, we agree with the District that the PAC could clarify in all of its letters resolving disputes whether the PAC considers the letter a binding opinion or a nonbinding resolution of the issues. We recommend that the PAC could expressly identify all of its binding opinions as binding opinions subject to review only under the Administrative Review Law, and all of its nonbinding opinions as nonbinding and not subject to review.

¶ 19                                    CONCLUSION

¶ 20       Because the PAC issued a nonbinding opinion concerning the dispute between Garlick and the District, the Administrative Review Law does not apply to the dispute. We affirm the dismissal with prejudice of Garlick's complaint against the PAC, but we modify the dismissal of Garlick's complaint against the District to make it a dismissal without prejudice, and we permit Garlick on remand to amend his complaint as an action for an injunction or for declaratory relief under section 11 of the FOIA.

¶ 21       Affirmed as modified.