NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190422-U

NO. 4-19-0422

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| KWAME RAOUL, in His Official Capacity as Attorney | ) | No. 18MR546 |
| General of the State of Illinois, | ) | |
|     Defendant-Appellant. | ) | Honorable |
| | ) | Esteban F. Sanchez, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the circuit court's dismissal of plaintiff's *mandamus* complaint was proper where plaintiff failed to state a claim upon which relief could be granted.

¶ 2    Plaintiff, Jamal Shehadeh, filed a *pro se* complaint for a writ of *mandamus* against defendant, the Illinois Attorney General, now Kwame Raoul (Attorney General), in his official capacity. The Attorney General filed a motion to dismiss plaintiff's complaint, which the circuit court granted. Plaintiff appeals. We affirm.

¶ 3    I. BACKGROUND

¶ 4    Between October 2017 and May 2018, plaintiff filed seven requests to three public bodies under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)). In two of his requests, plaintiff sought documents from the Kankakee County Sheriff's

Office regarding communications between its employees and a law firm. The Kankakee County sheriff denied the requests, asserting the documents were exempt from disclosure under sections 7(1)(a) and 7(1)(m) of the FOIA (*id.* § 7(1)(a), (m)). Following the denials, plaintiff submitted requests for review to the Public Access Counselor (PAC). In both cases, based on the materials submitted, the PAC determined "no further inquiry [was] warranted."

¶ 5        In another request to the Kankakee County Sheriff's Office, plaintiff sought "records concerning the vendor or vendors that supply and service inmate kiosks." In its response, the Kankakee County Sheriff's Office responded that some documents responsive to the request were exempt from disclosure pursuant to sections 7(1)(b) and 7(1)(e) of the FOIA (*id.* § 7(1)(b), (e)). Plaintiff again submitted a request for review to the PAC. In his request, plaintiff alleged the Kankakee County sheriff's response violated the FOIA. Upon its review of the materials submitted by plaintiff, the PAC determined "no further inquiry [was] warranted."

¶ 6        In April 2018, plaintiff submitted two additional FOIA requests to the Logan County Sheriff's Office and one to the Lincoln Police Department. In his requests, plaintiff sought records concerning calls for assistance in 2016 between a hospital and a residential address. The Logan County Sheriff's Office denied plaintiff's requests, asserting any existing records responsive to the requests would be exempt from disclosure under section 7(1)(e-10) of the FOIA (Pub. Act 100-26 (eff. Aug. 4, 2017) (amending 5 ILCS 140/7(1)(e-10)). Similarly, the Lincoln Police Department denied plaintiff's request, asserting the records he requested were exempt from disclosure under section 7(1)(e-8) of the FOIA (*id.* (amending 5 ILCS 140/7(1)(e-8)). Plaintiff submitted requests for review to the PAC. Once again, after review of plaintiff's submitted materials, the PAC determined no further inquiry was warranted as to any of plaintiff's requests.

¶ 7 Plaintiff submitted another FOIA request to the Lincoln Police Department in May 2018, seeking "records concerning death investigations." The Lincoln Police Department denied plaintiff's requests, concluding the documents were exempt from disclosure under section 7(1)(e-10) of the FOIA (*id.* (amending 5 ILCS 140/7(1)(e-10)). Plaintiff submitted a request for review to the PAC. After review of the materials submitted by plaintiff, the PAC determined no further inquiry was warranted.

¶ 8 In July 2018, plaintiff *pro se* filed a complaint for *mandamus* relief against the Attorney General, alleging the PAC refused to perform "a clear ministerial duty" under the FOIA when it denied his request for review "without obtaining the records at issue or conducting an inquiry" as required by section 9.5 of the FOIA (*id.* § 9.5).

¶ 9 In October 2018, the Attorney General filed a combined motion to dismiss plaintiff's complaint for *mandamus* relief under section 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2016)). Specifically, the Attorney General argued plaintiff's complaint should be dismissed under section 2-615 of the Procedure Code (*id.* § 2-615)) because he failed to state a claim for *mandamus* relief and did not follow proper statutory procedures in challenging the denial of his FOIA requests. The Attorney General additionally argued plaintiff's complaint should be dismissed under section 2-619 of the Procedure Code (*id.* § 2-619) because the circuit court lacked jurisdiction to review the Attorney General's decisions under sections 9.5 and 11.5 of the FOIA (5 ILCS 140/9.5, 11.5 (West 2016)) where it never issued any binding opinions in response to plaintiff's requests for review.

¶ 10 In June 2019, the Sangamon County circuit court entered a written order granting the Attorney General's combined motion to dismiss. Citing sections 9.5(a) and (c) and 11.5 of the FOIA (*id.* §§ 9.5(a), (c), 11.5), the court concluded it lacked jurisdiction to review plaintiff's

complaint for *mandamus* relief because the Attorney General never issued any binding opinions in response to any of plaintiff's requests for review and therefore granted the motion to dismiss under section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2016)). After determining plaintiff failed to state a claim for *mandamus* relief because he did not demonstrate he had a clear right to the relief he requested, the court also granted the Attorney General's motion under section 2-615 of the Procedure Code (*id.* § 2-615).

¶ 11    This appeal followed.

¶ 12          II. ANALYSIS

¶ 13    On appeal, plaintiff argues the trial court erred when it granted the Attorney General's motion to dismiss because his complaint sufficiently stated a claim for *mandamus* relief. The Attorney General responds dismissal was proper because the court lacked jurisdiction to review plaintiff's claim, and plaintiff failed to state a claim where the relief he sought involved the exercise of discretion. We conclude dismissal of plaintiff's *mandamus* complaint was proper.

¶ 14      A. *Mandamus* Relief and Motions to Dismiss

¶ 15    "*Mandamus* relief is an extraordinary remedy to enforce, as a matter of right, the performance of official duties by a public official where the official is not exercising discretion." *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 739, 759 N.E.2d 585, 588 (2001). To establish a claim for *mandamus* relief, the petitioner must show " 'a clear, affirmative right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ.' " *Hadley v. Montes*, 379 Ill. App. 3d 405, 407, 883 N.E.2d 703, 705-06 (2008) (quoting *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 555, 778 N.E.2d 701, 703 (2002)).

¶ 16       The trial court granted the Attorney General's section 2-619.1 motion to dismiss plaintiff's complaint for *mandamus* relief, finding dismissal was warranted under both sections 2-615 and 2-619 of the Procedure Code. 735 ILCS 5/2-615, 2-619 (West 2016).

> "A section 2-615 motion admits all well-pleaded facts and attacks the legal sufficiency of the complaint; a section 2-619 motion admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter, appearing on the face of the complaint or established by external submissions, that defeat the action. [Citation.] Section 2-619.1 of the Code allows a litigant to combine a section 2-615 motion to dismiss and a section 2-619 motion to dismiss in one pleading." *Northern Trust Co. v. County of Lake*, 353 Ill. App. 3d 268, 278, 818 N.E.2d 389, 398 (2004).

We review the court's dismissal *de novo*. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶¶ 25, 31, 988 N.E.2d 984.

¶ 17                                B. FOIA Review

¶ 18       A person whose FOIA request is denied may file a request for review with the Attorney General's PAC. 5 ILCS 140/9.5(c) (West 2016).

> "Upon receipt of a request for review, the [PAC] shall determine whether further action is warranted. If the [PAC] determines that the alleged violation is unfounded, he or she shall so advise the requester and the public body and no further action shall be undertaken. In all other cases, the [PAC] shall forward a copy of the request for review to the public body within 7 business days after receipt and shall specify the records or other documents that the public body shall furnish to facilitate the review." *Id.*

¶ 19        In *Garlick v. Office of the Public Access Counselor*, 2013 IL App (1st) 122444,

¶¶ 10-11, 4 N.E.3d 503, the First District summarized this procedure as follows:

> "Under section 9.5 of the FOIA, when a public body denies a request for a
>
> copy of a public document, the requester may ask the PAC to review the public
>
> body's decision. The FOIA provides:
>
>> 'Unless the [PAC] * * * decides to address the matter without the
>>
>> issuance of a binding opinion, the Attorney General shall examine the
>>
>> issues and the records, shall make findings of fact and conclusions of law,
>>
>> and shall issue to the requester and the public body an opinion in response
>>
>> to the request for review within 60 days after its receipt. The opinion shall
>>
>> be binding upon both the requester and the public body, subject to
>>
>> administrative review under Section 11.5.
>>
>> In responding to any request under this Section 9.5, the Attorney
>>
>> General may exercise his or her discretion and choose to resolve a request
>>
>> for review by mediation or by a means other than the issuance of a binding
>>
>> opinion. The decision not to issue a binding opinion shall not be
>>
>> reviewable.' 5 ILCS 140/9.5(f) (West 2010).
>
> Under the FOIA, when the PAC issues a binding opinion, the parties can
>
> seek review only under the Administrative Review Law, with its limitations on
>
> the court's review of the agency's decision. [Citations.] If the PAC ends its
>
> involvement without issuing a binding opinion, the requester may seek relief
>
> under section 11 of the FOIA (5 ILCS 140/11(f) (West 2010)), which permits the
>
> requester to file an original lawsuit for an injunction or for declaratory relief. In

such a proceeding, the court owes no deference to the PAC's nonbinding resolution of the request. See 5 ILCS 140/11 (West 2010). The court cannot review the PAC's decision not to issue a binding opinion. See 5 ILCS 140/9.5(f) (West 2010). Instead, when the PAC issues no binding opinion, the court can directly review the public body's decision to deny the request for copies of public documents. See 5 ILCS 140/11 (West 2010)."

¶ 20                                C. This Case

¶ 21        Here, we agree with the Attorney General and find the trial court properly dismissed plaintiff's *mandamus* complaint because plaintiff failed to state a claim upon which relief could be granted.

¶ 22        Plaintiff is not entitled to *mandamus* relief because he fails to demonstrate a clear right to the relief he seeks. In responding to plaintiff's requests, the PAC concluded no further inquiry was necessary and notified plaintiff no further action would be taken. The Attorney General, citing section 9.5(f) of the FOIA, argues the PAC's decision to resolve plaintiff's request by means other than the issuance of a binding opinion was discretionary and therefore not subject to *mandamus*. Plaintiff does not dispute this fact but rather clarifies his *mandamus* complaint demands the PAC either "(1) notify [the] requestor his claims are unfounded; or (2) order the public body to produce the records for *** *in camera* review," citing section 9.5(c) of the FOIA (*id.* § 9.5(c)). Plaintiff argues the PAC took neither of these actions as required by the statute. This is incorrect. Although the PAC here did not explicitly state in its decision letters that plaintiff's claims were "unfounded," the PAC fulfilled the duty to "determine whether further action [was] warranted," and informed plaintiff that "no further action [would] be undertaken." See *id.* The PAC was not required, in issuing its nonbinding decision, to

specifically state it had determined the allegation was unfounded. The fact the PAC notified plaintiff and the public body it would not take further action presumes it determined the alleged violations were unfounded. The record shows—contrary to plaintiff's arguments—the PAC fulfilled the duties enumerated in section 9.5(c) of the FOIA. See *id.*

¶ 23        Moreover, plaintiff's assertion the PAC "certainly cannot in good faith declare [p]laintiff's requests for review as 'unfounded' without first having obtained and reviewed the records at issue" is not persuasive. There will be many instances where the PAC can determine, based on the request for review, the requestor's submitted materials, and the decision from the public body—without reviewing "the records at issue"—that no further action is warranted. This is especially true in instances where the public body determines it possesses no records responsive to the request. Additionally, the applicability of certain statutory exemptions from disclosure under FOIA may also be readily apparent on the face of a request for review and obviate any need for the PAC to obtain or review "the records at issue." We agree with the Attorney General that although the PAC has *authority* to request from the public body any documents it deems necessary to the investigation of a request for review, the PAC is not *required* to request or obtain any documents at all. The PAC has discretion to decide what information or documents would assist in its review process.

¶ 24        The Attorney General also argues dismissal was proper because the trial court lacked subject matter jurisdiction to review the PAC's decision to resolve plaintiff's requests for review by means other than issuing a binding opinion. We agree that under the FOIA, the decision not to issue a binding opinion is not subject to administrative review. *Id.* §§ 9.5(f), 11.5; see also *Fagel v. Department of Transportation*, 2013 IL App (1st) 121841, ¶ 24, 991 N.E.2d 365 ("Because the PAC's ruling in the case at bar was not a binding opinion under the statute, it

was not subject to administrative review under section 11.5 of FOIA."). However, we find this jurisdictional argument inapposite here because in his brief plaintiff specifically states he neither seeks a binding opinion from the Attorney General nor challenges its decision not to issue one. He also does not challenge the correctness of the decision to deny the request for review. Rather, as stated above, plaintiff sought to compel the PAC to fulfill its statutory duties under section 9.5(c) of the FOIA. Although plaintiff ultimately failed to state a claim for relief, the court possessed jurisdiction over his *mandamus* action. Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have original jurisdiction of all justiciable matters.").

¶ 25    In conclusion, the circuit court properly granted the Attorney General's motion to dismiss because plaintiff failed to state a claim for *mandamus* relief. If plaintiff chooses, he may seek direct review of the public bodies' decisions to deny his FOIA requests by filing an original lawsuit for an injunction or for declaratory relief against those bodies under section 11 of the FOIA. 5 ILCS 140/11 (West 2016).

¶ 26                                    III. CONCLUSION

¶ 27    For the reasons stated, we affirm the trial court's judgment.

¶ 28    Affirmed.